# EXHIBIT  Q



| | | |
|---|---|---|
| Clement H. Luken, Jr. | Randall S. Jackson, Jr. | Bruce Tittel * |
| Gregory F. Ahrens | Steven W. Benintendi, Ph.D. | David J. Josephic * |
| Wayne L. Jacobs | Glenn D. Bellamy | Kenneth B. Germain * |
| Kurt A. Summe | Kevin E. Kuehn | Stephen E. Gillen * |
| Keith R. Haupt | David A. Fitzgerald II | Thomas J. Burger * |
| Thomas W. Humphrey | Sean K. Owens | P. Andrew Blatt, Ph.D.* |
| David H. Brinkman | W. Scott Gaines | Lori Krafte* |
| Kathryn E. Smith | Louis H. Sitler | * Counsel |
| David E. Jefferies | Michael E. Glennon | +Technical Advisor |
| J. Dwight Poffenberger, Jr. | Joseph L. Falkiewicz ± | ± Admitted in Michigan |
| Brett A. Schatz | Bryn E. Ericksen | |
| Sarah Otte Graber | I. Marshall Fontenot+ | |

GBELLAMY@WHE-LAW.COM
DIRECT: (513) 707-0243

March 31, 2025

***Via USPS Priority Mail Express***
Polymer Pew
Attn: Legal Department
24301 Brazos Town Crossing
Ste 500-49
Rosenberg, TX 77471

Re:    **Infringement of U.S. Patent No. 12,038,247**

Dear Sir/Ma'am,

This firm represents ABC IP, LLC ("ABC") in intellectual property matters. ABC is the owner of U.S. Patent No. 12,038,247 ("the '247 Patent") and others. Additional related patents are pending. A copy of the '247 Patent is enclosed for your reference. ABC holds numerous patents, including U.S. Patent No. 10,514,223, which has been exclusively licensed to Rare Breed Triggers LLC ("Rare Breed"), and successfully enforced against multiple infringers.

The '247 Patent covers a forced reset trigger with a cam movable between first and second positions to force the trigger to reset. It is an infringement to make, use, sell, offer to sell, or import any product covered by any claim of this patent in the United States, and all infringers in the chain of commerce are liable for full damages adequate to compensate for the infringement. 35 U.S.C. §§ 271 and 284. Additionally, anyone who actively induces or contributes to infringement is liable as an infringer. 35 U.S.C. §§ 271 and 284.

It has come to our attention that you, d/b/a Polymer Pew, are selling or offering to sell what has come to be known as a "Super Safety" (3 Position) as shown below, via the Polymer Pew website (https://polymerpew.com), the Polymer Pew Facebook page (https://www.facebook.com/profile.php?id=61561083685695) and numerous private Facebook groups. When installed as instructed, the "Super Safety" (3 Position), regardless of its material specs or color, is covered by at least claims 15 and 20 of the '247 Patent. Thus, use, manufacture, or sale constitutes an infringement of the '247 Patent.



600 Vine Street | Suite 2800 | Cincinnati, OH 45202 | tel: 513-241-2324 | fax: 513-241-6234 | whe-law.com
Edmund P. Wood: 1923-1968 | Truman A. Herron: 1935-1976 | Edward B. Evans: 1936-1971

Polymer Pew
March 31, 2025
Page 2



We also see that you are selling or offering to sell precut triggers, which are specially designed triggers for use with a "Super Safety" (3 Position) in addition to spare "Super Safety" cam levers.

 

Polymer Pew
March 31, 2025
Page 3

 

These precut triggers and spare "Super Safety" cam levers are not standard components intended for use with a traditional fire control group. Rather, they are specially designed and manufactured for use exclusively with the "Super Safety" (3 Position) device. You are offering these precut triggers and spare "Super Safety" cam levers not only for use with devices you have sold directly, but also for use with "Super Safety" products made or sold by others. As such, these components constitute a material part of the invention claimed in the '247 Patent, are not staple articles or commodities of commerce suitable for substantial noninfringing use, and are intended to be assembled into infringing devices. Your manufacture, sale, and offer for sale of these precut triggers therefore constitutes contributory infringement under 35 U.S.C. § 271(c), and your conduct in facilitating their use with third-party "Super Safety" devices constitutes active inducement of infringement under 35 U.S.C. § 271(b). As such, you are fully liable for all resulting damages caused to the patent owner.

In addition, you are also selling or offering to sell "Centering Blocks", which are specially designed parts exclusively used in conjunction with the cam lever of a "Super Safety" (3 Position). These "Centering Blocks" are not standard components intended for use with a traditional fire control group. Rather, they are specially designed and manufactured for use exclusively with the "Super Safety" (3 Position) device. You are offering these "Centering Blocks" not only for use with devices you have sold directly, but also for use with "Super Safety" products made or sold by others. As such, these "Centering Blocks" constitute a material part of the invention claimed in the '247 Patent, are not staple articles or commodities of commerce suitable for substantial noninfringing use, and are intended to be assembled into infringing devices. Your manufacture, sale, and offer for sale of these "Centering Blocks" therefore constitutes contributory infringement under 35 U.S.C. § 271(c), and your conduct in facilitating their use with third-party "Super Safety" devices constitutes active inducement of infringement under 35 U.S.C. § 271(b). As such, you are fully liable for all resulting damages caused to the patent owner.

 600 Vine Street | Suite 2800 | Cincinnati, OH 45202 | tel: 513-241-2324 | fax: 513-241-6234 | whe-law.com
Edmund P. Wood: 1923-1968 | Truman A. Herron: 1935-1976 | Edward B. Evans: 1936-1971

Polymer Pew
March 31, 2025
Page 4



Accordingly, we must demand that you immediately cease and desist from any further sale or offer to sell the "Super Safety" (3 Position), the precut triggers, the spare "Super Safety" cam levers, the centering blocks, or any other component part(s) or product(s) covered by or inducing infringement of the '247 Patent.

In order to negotiate a legal resolution without litigation, provide the following information:
- The number of units made or sold since July 16, 2024,
- The total revenue from the sale of each of these products,
- Identity and contact information for any wholesale purchasers, dealers, or resellers to whom you have sold these products, and
- If Polymer Pew did not manufacture all of these products or all of their components, identify the manufacturer from whom they were obtained and/or the vendor who supplied the components.

Knowing infringement or continuing to infringe after notice indicates willful infringement, which can incur a judgment of treble damages and/or payment of attorneys' fees in litigation. **Please confirm that you are immediately complying no later than April 15, 2025.**

Having been notified of this claim, you have a legal obligation to preserve all documents and records relating to your manufacture, sale, and offer for sale of these items. Spoliation of evidence can result in sanctions and/or legal inferences that the destroyed evidence was inculpatory.

We urge you to seek the advice of a competent patent attorney in this very serious legal matter and look forward to your prompt response.

This letter is without prejudice to any claims or remedies available to ABC IP, LLC (and/or Rare Breed Triggers LLC), including damages, injunctive relief, and/or attorneys' fees.

 600 Vine Street | Suite 2800 | Cincinnati, OH 45202 | tel: 513-241-2324 | fax: 513-241-6234 | whe-law.com
Edmund P. Wood: 1923-1968 | Truman A. Herron: 1935-1976 | Edward B. Evans: 1936-1971

Polymer Pew
March 31, 2025
Page 5

Very truly yours,

Glenn D. Bellamy

Enclosure
cc:    ABC IP, LLC

 600 Vine Street | Suite 2800 | Cincinnati, OH 45202 | tel: 513-241-2324 | fax: 513-241-6234 | whe-law.com

Edmund P. Wood: 1923-1968 | Truman A. Herron: 1935-1976 | Edward B. Evans: 1936-1971