**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br><br>Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>Defendants. | Civil Action No. 4:26-cv-00377-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br><br>Defendants. | Civil Action No. 4:26-cv-00369-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br><br>Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Z3 PRODUCTIONS, LLC, d/b/a Z3PRO,<br><br>Defendant. | Civil Action No. 4:26-cv-00367-ALM |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' UNTIMELY OPPOSITIONS TO PLAINTIFFS' CONSOLIDATED MOTION FOR PRELIMINARY INJUNCTION**

Defendants' oppositions (Dkt. 67)[1] to Plaintiffs' Consolidated Motion for Preliminary Injunction (Dkt. 43) ("PI Motion") were due June 12, 2026. Defendants never asked the Court to extend that date, and the Court never did. Defendants nonetheless filed their oppositions on August 18, 2026—67 days late, with no order permitting it, no request for an extension of time, and no acknowledgment anywhere in the brief that the deadline had passed. Plaintiffs move to strike those oppositions and their eight supporting declarations.[2]

## I. Defendants' Oppositions Were Due June 12, and Their Scheduling Motion Neither Sought Nor Effected an Extension of That Date.

Plaintiffs filed the PI Motion on May 29, 2026. Under Local Rule CV-7(e), a party opposing a motion has 14 days to respond. Defendants' oppositions were therefore due June 12, 2026. Defendants never asked for more time.

Three days before that deadline, Defendants moved for a scheduling order. Dkt. 51. That motion did not request an extension of the response deadline. It asked the Court to order the parties to "meet and confer and, on or before a date certain, file either an agreed proposed scheduling order or competing proposed scheduling orders." Dkt. 51 at 8. It proposed no response date, and it asked the Court to set none.

Plaintiffs made that point at the time, and Defendants never disputed it. Dkt. 57 at 6 ("The Moving Defendants here did not request an extension of the deadline to respond to the P.I. Motion."); Dkt. 61 at 5 (the remedy for a large record is "a negotiated, bounded extension, which

---

[1] Each of the documents filed across the cases at issue in this motion are substantially identical. For convenience, this motion cites the docket in *ABC IP, LLC v. 80Mills LLC*, No. 4:26-cv-00380-ALM (E.D. Tex.), unless otherwise indicated.

[2] The supporting declarations are those of Timothy S. Hoffman, Pearson Gardner, Damion Terrell Bennett, Tyler Harrison, Zach Morrow, Ari Bytyqi, Steven Thanh Nguyen, and Eric J. Phillips.

the Moving Defendants never sought, having proposed no response date or schedule for the parties to negotiate"). Defendants' own reply confirms it: they sought "a defined process culminating in a proposed scheduling order by a date certain," not an extension of time to respond. Dkt. 58 at 3.

Rule 6(b)(1)(A) therefore never came into play. That rule permits the Court to extend a deadline for good cause "if a request is made[] before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). No such request was made here.

Even if the scheduling motion were read as a request for an extension, a request is not an order. Rule 6(b)(1)(A) preserves the Court's authority to act on a timely request; it does not transfer that authority to the movant. *See Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017) (rejecting the argument "that a timely filing of a motion for extension of time suffices to meet the deadline"). A pending request "does not act as an automatic stay of the deadline," and is instead "evidence of being remiss in one's duties." *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 535 (N.D. Miss. 2015) (quoting *Bruce v. Cnty. of Rensselaer*, No. 02-CV-0847, 2003 WL 22436281, at *2 (N.D.N.Y. Oct. 20, 2003)). And granting Defendants' scheduling motion in full now would not render the August 18 filing timely. The relief that motion requests is a conferral-and-proposal process, after which the Court would set a schedule. Dkt. 51 at 8. Nothing in that relief authorizes the filing Defendants made.

## II. Defendants Told the Court They Sought Only a Court-Set Schedule, and Then Set Their Own.

Defendants' central assurance to the Court was that they were not seeking delay. They disclaimed any "open-ended stay," represented that they sought "a bounded, dated process" terminating in "a court-set schedule by a date certain," and told the Court that they "do not seek to leave any motion pending indefinitely." Dkt. 58 at 5.

They then did the opposite. Without waiting for a ruling, without seeking leave, and without proposing a date to Plaintiffs or to the Court, Defendants selected August 18, 2026 for themselves—67 days after their deadline and 81 days after the PI Motion was filed. As one Fifth Circuit panel put it, they "do not so much show excusable neglect as they show a party seeking to set his own deadlines." *McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir. 2010).

Nothing required that course. Other defendants facing the identical consolidated record negotiated bounded extensions and filed substantive oppositions in June. Dkt. 61 at 3 (citing *ABC IP, LLC v. ProSource Firearms, LLC*, No. 2:26-cv-00055, Dkt. 62 (E.D. Tex. June 29, 2026)). Defendants' counsel was copied on the correspondence in which those extensions were arranged and did not ask for one. *See* Dkt. 57-2. Defendants could also have responded on June 12 and supplemented later, sought expedited resolution of their scheduling motion, or moved for leave to file out of time. They did none of these things.

The reasons Defendants gave for needing more time—the volume of Plaintiffs' filings and the pendency of Plaintiffs' motions for leave to amend, Dkt. 51 at 3–5—were fully known to them on June 12 and have not changed since. Neither supplies a reason for a 67-day extension Defendants granted themselves. Defendants took the risk that their scheduling motion would be denied or would remain undecided. That risk is theirs to bear.

## III. Because the Deadline Expired Without an Order, the Oppositions Can Stand Only on a Showing of Excusable Neglect, Which Defendants Have Not Attempted.

Once a deadline passes, good cause is no longer enough. The Court may extend a deadline "on motion made after the time has expired" only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Any request to accept the August 18 oppositions is such a motion, and an extension sought after the response time has expired "may only be granted upon a finding of excusable neglect." *McCarty*, 376 F. App'x at 443. In making that finding, courts in this

Circuit weigh the danger of prejudice to the non-movant, the length of the delay and its potential effect on the proceedings, the reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).

Defendants have never invoked Rule 6(b)(1)(B), never sought leave to file out of time, and never acknowledged in their 28-page brief that their deadline came and went in June. Each of the relevant factors cuts against them. The delay was 67 days on a motion premised on ongoing irreparable harm to Plaintiffs. *See* PI Motion at 29–35. Every day of it was within Defendants' reasonable control. And prejudice is not the measure of excusability—"[t]he word 'excusable' would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm." *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 n.4 (5th Cir. 1998). Neither a heavy workload nor a mistaken reading of the rules supplies what is missing. *See Geiserman v. MacDonald*, 893 F.2d 787, 792 n.10 (5th Cir. 1990) (citing *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981), *cert. denied*, 456 U.S. 979 (1982)); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

Nor can Defendants rely on Plaintiffs' statement that they would not oppose a bounded extension. Dkt. 57 at 12. That was an offer to negotiate a fixed date, and Defendants never took it up: they "proposed no response date or schedule for the parties to negotiate." Dkt. 61 at 5. An offer Defendants declined is not an extension they received. In any event, "[a] private agreement between parties neither relieves a movant seeking an out-of-time extension from demonstrating excusable neglect, nor strips this Court of its duty to find the same." *Rashid*, 306 F.R.D. at 534.

## IV. The Court Should Strike the Untimely Oppositions.

An opposition filed 67 days late, without an order extending the deadline and without any showing of excusable neglect, should be stricken. A court's inherent authority over its docket

permits it to "strike material from the docket, including portions of a document, reflecting procedural impropriety or lack of compliance with court rules or orders." *Rashid*, 306 F.R.D. at 534 (quoting *Jones v. Metro. Life Ins. Co.*, No. C-08-03971, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010)). Courts in this Circuit exercise that authority. *See Rashid*, 306 F.R.D. at 534–36 (striking a response filed two weeks late); *Thompson v. Beasley*, 309 F.R.D. 236, 244 (N.D. Miss. 2015) (striking an untimely response); *Garcia v. City of McAllen*, No. 7:19-cv-00068, 2020 WL 4934582, at *4–5 (S.D. Tex. Aug. 24, 2020) (striking a response filed nine days late).

The interests the deadline protects point the same way. Delays of this kind "increase the cost of litigation" and are "one factor causing disrespect for lawyers and the judicial process"; as the Fifth Circuit has put it, "[a]dherence to reasonable deadlines is critical to restoring integrity in court proceedings." *Adams*, 465 F.3d at 162 n.9 (quoting *Geiserman*, 893 F.2d at 792). That concern is heightened here. This is a coordinated proceeding spanning more than a dozen member cases, and the delay falls on a motion addressed to harm that accrues sale by sale. Permitting a 67-day-late opposition to stand—filed by parties who assured the Court they sought no delay—would tell every defendant in this MDL that response deadlines are advisory, and that the way to obtain more time is simply to take it. Filing deadlines "necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985). The alternative is "a cascade of exceptions that would engulf the rule erected by the filing deadline." *Id.*

For these reasons, Plaintiffs respectfully request that the Court strike Defendants' untimely oppositions and the declarations filed in support of them. Because Defendants would then have filed no timely response, the PI Motion would stand unopposed as to these Defendants. *See* Local

Rule CV-7(d). In the alternative, if the Court accepts the oppositions, Plaintiffs request 14 days from the date of the Court's order to file their reply in support of the PI Motion.

DATED: August 20, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 20, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on August 18, 2026. Matthew Colvin attended for Plaintiffs. Sergey Vernyuk attended for Defendants. The parties discussed their positions on this motion. No agreement could be reached because Defendants maintain that their motion was timely filed. The discussions conclusively ended in an impasse, leaving an open issue for the Court to resolve. Counsel for Defendants indicated that they oppose this motion.

*/s/ Matthew A. Colvin*
Matthew A. Colvin